By the Court.—Van Vorst, J.
Among the assets left "by the deceased husband of the plaintiff, was a bond and mortgage for $3,000, executed by the defendant a few months before the death of her husband.
The defendant is an attorney and counsellor at law, and had prepared the last will and testament of the deceased.
A few days after his death, the defendant was at the house of the plaintiff on the day of the appraisement of the estate, and requested the plaintiff to bring forward the papers of the deceased. She did so, and amongst others produced the bond and mortgage of the defendant.
Defendant, in speaking of this bond and mortgage, said to the plaintiff, in substance, that there was likely to be trouble, that the relations of her late husband were much dissatisfied, and complained of the provision of the will in her favor, and would be likely to make opposition.
Defendant proposed that if plaintiff would discharge the bond and mortgage, he would receive the same in *281 full for all services rendered or to Tbe rendered Tby him as attorney and counsel.
Application was made to the executor Tby "both the plaintiff and defendant for the "bond and mortgage.
The exectutor finally delivered the same to the plaintiff, with an assignment thereof, not knowing at the time the precise purpose for which she wanted it, except from her statement to him that it was necessary to close up the estate, and having no idea what part of it she meant to give defendant. The plaintiff delivered the bond and mortgage with an assignment and satisfaction thereof to the defendant on the 10th of August, and took from him a receipt in these words :
“ Received, Yonkers, August 10, 1861, of Mrs. Jane Rhead, a satisfaction of bond and mortgage executed by myself and wife to Benjamin Rhead, March 2d, 1861, for $3,000, in full of services rendered, and to be rendered, in and about the settlement of. the estate of Benjamin Rhead.”
Signed, “R. W. Van Pelt.”
As this paper was given so shortly after the death of the husband, but little if any services could have yet been rendered by the defendant about the settlement of the estate; in fact, the evidence does not disclose the performance of any, except the drawing of the will before the death of her husband, and which could have no relation to services in respect to closing the estate of the deceased. It is quite evident, therefore, that the real consideration for the satisfaction of the bond and mortgage was services thereafter to be rendered. There has not been in fact, as was suggested by the defendant there was likely to be, any opposition made either to the probate, or the carrying into effect of the will.
It is difficult to perceive how so considerable a sum as $3,000 could be demanded or fairly earned in the settlement of so small an estate as this proved to be, unless involved in extensive litigation through services indi *282 cated by defendant as likely to arise. And defendant in fact performed no services to meet such contingencies.
The principal service rendered by the defendant as attorney and counsel after the death of the husband of the-plaintiff in any proceeding beneficial to her interests under the will, was in the defence of an action brought against the executor by Garret Vermilyea, to recover moneys which the husband in his lifetime had received.
This action was defended by the executor, with the knowledge and concurrence of the plaintiff.
It might seem as though the plaintiff was not called upon to bear all the expenses incident to the settlement of her husband’s estate, as by his will provision was made for others who were interested with her, both in maintaining the will, and properly adjusting the affairs.
But if it was proper for the defendant to advise the plaintiff to pay, and for him to demand, so large a consideration in advance for services to be thereafter rendered by him in her interest, then he should at all times have held himself in readiness to render them, disembarrassed by complication with others, and take no position against her, at least should not appear as attorney or counsel for parties litigating with her in relation to her rights or claims under the will, or upon the estate.
The evidence shows that the defendant did assume a position hostile to the plaintiff, and did act in litigations and proceedings against her growing out of the property embraced within the provisions of the will.
After taking such attitude, the plaintiff could not with confidence rely on the defendant’s services or hearty aid and co-operation to advance her interest under the will.
The contract between plaintiff and defendant was executed, and whenever defendant accepted a retainer from other parties, either actually, or claimed by plaintiff to be, hostile to her interests, he vitiated the true spirit of *283 Ms engagement with her, and absolved plaintiff from all responsibility under the contract, except, perhaps, for services rendered by him prior to taking such hostile attitude.
The value of the prior services rendered should have been affirmatively proven by him on the trial. This he failed to do, there being no proof given of their value. In this view, the rulings of the learned judge who presided at the trial were correct, and the verdict of the jury cannot be disturbed.
We see nothing in the exceptions taken by the defendant which would justify a reversal of the judgment.
The judgment and order should be affirmed, with costs.
Barbour, Oh. J., and Freedman, J., concurred.